**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**FLOYD E. KOHN,**

       **Plaintiff,**                     **CIVIL ACTION NO. 16-cv-11418**

       **v.**                          **DISTRICT JUDGE THOMAS L. LUDINGTON**

**RICHARD PIAZZA,**                 **MAGISTRATE JUDGE MONA K. MAJZOUB**

       **Defendant.**

_____/

**REPORT AND RECOMMENDATION**

Plaintiff Floyd E. Kohn, currently incarcerated at the Ionia Correctional Facility in Ionia, Michigan, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against numerous defendants on June 20, 2014, in the United States District Court for the Western District of Michigan. (Docket no. 1.) On April 20, 2016, having dismissed all other claims and defendants except for Plaintiff's claims against Defendant Richard Piazza, a corrections officer at the Michigan Department of Correction's (MDOC's) Saginaw Correctional Facility, the United States District Court for the Western District of Michigan transferred Plaintiff's case to this court for proper venue. (Docket no. 3.) In the Complaint, Plaintiff alleges that while he was incarcerated at the Saginaw Correctional Facility, Defendant Piazza violated Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment while conducting a pat-down search of Plaintiff. (Docket no. 1 at 3-4, 6, 14-15.)

This matter comes before the Court on Defendant Piazza's Motion for Summary Judgment (docket no. 17), to which Plaintiff filed a response (docket no. 20). Also before the Court are Plaintiff's motions for the appointment of counsel. (Docket nos. 18, 19.) This action

has been referred to the undersigned for all pretrial purposes.  (Docket no. 5.)  The Court has reviewed the pleadings, dispenses with oral argument on the motion pursuant to Eastern District of Michigan Local Rule 7.1(f) and issues this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

## I.      RECOMMENDATION

For the reasons that follow, it is recommended that Defendant Piazza's Motion for Summary Judgment (docket no. 17) be **GRANTED** and that Plaintiff's motions for the appointment of counsel (docket nos. 18, 19) be **DENIED** as moot.

## II.     REPORT

### A.      Background

According to Defendant Piazza, Plaintiff is a male prisoner with high estrogen levels, as a result of which he has breasts resembling those of a female.  (Docket no. 17 at 7 (citing Mich. Dep't of Corr. Offender Tracking Info. Sys. (OTIS)).)[1]  Plaintiff's claims against Defendant allegedly arose on a snowy day in either late December 2012, the middle of January 2013, or early February 2013, when Defendant stopped Plaintiff outside in the prison yard between the 800 unit and 900 unit of the Saginaw Correctional Facility to conduct a pat-down search. (Docket no. 1 at 14-15; docket no. 17-3 at 4-5.)  According to Plaintiff, Defendant instructed Plaintiff to remove his hat and jacket and to spread his legs.  (Docket no. 1 at 14.)  Plaintiff did so, and then Defendant kicked Plaintiff's legs farther apart, grabbed Plaintiff's chest area, put Plaintiff's nipples between his thumbs and index fingers, and whispered in Plaintiff's left ear that he had been waiting to catch Plaintiff alone for some time.  (*Id*. at 14-15.)  Plaintiff asserts that Defendant kept rubbing Plaintiff's chest area and said, "You feel so good through this shirt."

---

[1] The Court is permitted to take judicial notice of the information contained on OTIS.  *Ward v. Wolfenbarger*, 323 F.Supp.2d 818, 821 n.3 (E.D. Mich. 2004).

(*Id*. at 15.)  Plaintiff further asserts that Defendant then pressed his midsection/penis area against Plaintiff's back midsection/buttocks area and said, "I bet they aren't real breast[s], did you pay for 'em?"  (*Id*.)  Plaintiff then asked if he could go, and Defendant allegedly finished the pat down in a regular fashion and told Plaintiff that he didn't "have to be so closed up or stuck up; I'm cool."  (*Id*.)  At that point, Plaintiff picked up his hat and jacket and walked back into the unit.  (*Id*.)  Plaintiff alleges that he was freezing and that he felt dehumanized, abused, and alone.  (*Id*.)  Plaintiff seeks one million dollars in damages, among other things.  (*Id*. at 3, 17.)

### B.    Governing Law

Defendant moves for summary judgment pursuant to Federal Rule of Civil Procedure 56.  (Docket no. 17.)  Summary judgment is appropriate where the moving party shows that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The moving party has the burden of showing an absence of evidence to support the non-moving party's case.  *Covington v. Knox Cnty. Sch. Sys.*, 205 F.3d 912, 915 (6th Cir. 2000).  Rule 56 expressly provides that:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).  "The court need consider only the cited materials, but it may consider other materials in the record."  Fed. R. Civ. P. 56(c)(3).

Once the moving party has met its burden of production, the non-moving party must come forward with significant probative evidence showing that a genuine issue exists for trial. *Covington*, 205 F.3d at 915.  A mere scintilla of evidence is insufficient to defeat a properly supported motion for summary judgment; rather, "there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).  Ultimately, a district court must determine whether the record as a whole presents a genuine issue of material fact, drawing "all justifiable inferences in the light most favorable to the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)*; Hager v. Pike County Bd. Of Educ.*, 286 F.3d 366, 370 (6th Cir. 2002).

**C.    Analysis**

*1.    Eighth Amendment Violation*

To prevail on a § 1983 claim, a plaintiff must prove "that (1) a person, (2) acting under color of state law, (3) deprived the plaintiff of a federal right." *Berger v. City of Mayfield Heights*, 265 F.3d 399, 405 (6th Cir. 2001) (citations omitted).  There is no dispute that Defendant Piazza is a person who was acting under color of state law.  Thus, the only remaining issue under a § 1983 analysis is whether he deprived Plaintiff of a constitutional right.

Plaintiff asserts a violation of the Eighth Amendment's prohibition against cruel and unusual punishment.  The Eighth Amendment proscribes not only "physically barbarous punishments," but also those "incompatible with the evolving standards of decency that mark the progress of a maturing society" and those that "involve the unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 102-03 (1976) (citations and internal quotation marks omitted).  To state an Eighth Amendment claim against a prison official, a prisoner must satisfy both an objective component and a subjective component. *Farmer v. Brennan*, 511 U.S. 825,

4

834 (1994).   "Satisfying the objective component ensures that the alleged deprivation is sufficiently severe, while satisfying the subjective component 'ensures that the defendant . . . acted with a sufficiently culpable state of mind.'"   *Quigley v. Toung Vinh Thai*, 707 F.3d 675, 681 (6th Cir. 2013) (quoting *Smith v. Carpenter*, 316 F.3d 178, 183-84 (2d Cir. 2003)).

In the brief filed in support of his Motion for Summary Judgment and in an accompanying affidavit, Defendant Piazza categorically denies Plaintiff's allegations of physical and verbal abuse as untrue.   (Docket no. 17 at 14-16; docket no. 17-5.)   He asserts that his conduct toward Plaintiff remained professional at all times and that he performed the pat-down search of Plaintiff appropriately and according to MDOC policy.   (*Id.*)   In this regard, Defendant explains that an MDOC investigation conducted as part of the grievance process found that Plaintiff's allegations were without merit and that no policy violations occurred.   (*Id.*)   Defendant further asserts that even if Plaintiff's allegations are true, they do not objectively or subjectively rise to the level of cruel and unusual punishment under the Eighth Amendment.   (*Id.* at 16-17.)

Defendant concedes that "severe or repetitive abuse of an inmate by a prison officer can be objectively, sufficiently serious enough to constitute an Eighth Amendment violation." (Docket no. 17 at 11 (emphasis, citation, and internal quotation marks omitted).)   Defendant argues, however, that the conduct alleged by Plaintiff in this case is not sufficiently serious or severe.   (*Id.* at 16-17.)   To support this argument, Defendant relies on a case from the Eastern District of Kentucky, *Tuttle v. Carroll Cty. Det. Ctr.*, in which the court stated:

> [a]ny manual search of an individual's body will require some amount of manipulation of the genitals in order to accomplish the purpose of the search. Although "grabbing" and "tugging" could cause some discomfort and embarrassment, it does not rise to the level of "unnecessary and wanton infliction of [pain]" so long as it occurs as part of an otherwise justified search.

*(Id.* (citing *Tuttle v. Carroll Cty. Det. Ctr.*, No. 3:10-12-DCR, 2010 WL 2228347, at *1 (E.D. Ky. June 2, 2010) (citation omitted), *aff'd,* 500 F. App'x 480 (6th Cir. 2012)).)

Defendant also relies on the decisions in *Boddie v. Schneider*, 105 F.3d 857 (2d Cir. 1997) and *Jackson v. Madery*, 158 F. App'x 656 (6th Cir. 2005) for the premise that the conduct alleged by Plaintiff was not sufficiently serious to meet the objective component of an Eighth Amendment claim because it was isolated, brief, and not severe or repetitive.  (Docket no. 17 at 12-14, 17.)  In *Boddie*, the prisoner-plaintiff alleged that a female corrections officer made a statement that he believed to be a pass at him, but he could not be sure.  *Boddie*, 105 F.3d at 859. He then claimed that the next day the same officer squeezed his hand, touched his penis, and called him a "sexy black devil."  *Id.* at 859-60.  Two weeks later, the officer allegedly stopped the plaintiff in the hallway and bumped into his chest so hard that he could feel her nipples against his chest, and then she allegedly pinned him up against a door with her whole body so that her vagina was pressed against his penis.  *Id.* at 860.  The Second Circuit Court of Appeals held that the plaintiff failed to state an Eighth Amendment claim because the few alleged incidents of verbal harassment and touching alleged were not singly or cumulatively severe enough to be "objectively, sufficiently serious."  *Id.* at 861.  The court expounded that although the alleged isolated episodes of harassment and touching, if true, were despicable and potentially the basis of state tort actions, they did not "involve a harm of federal constitutional proportions as defined by the Supreme Court."  *Id.* at 861-62 (citing *Farmer*, 511 U.S. at 833-34; *Rhodes v. Chapman*, 452 U.S. 337, 348-49 (1981)).

In *Jackson*, the prisoner-plaintiff alleged that a resident unit officer rubbed and grabbed his buttocks in a degrading and humiliating manner during a shakedown in the prison's food area.  *Jackson*, 158 F. App'x at 661.  Relying heavily on the Second Circuit's decision in *Boddie*,

the Sixth Circuit found that the alleged incident did not rise to the level of cruel and unusual punishment under the Eighth Amendment because it was isolated, brief, and not severe.  *Id.* at 661-62.

In the instant matter, Defendant Piazza likens the conduct alleged by Plaintiff to the sexual abuse and harassment alleged by the prisoner-plaintiffs in *Boddie and Jackson*, and he asserts that Plaintiff's Eighth Amendment claim necessarily fails under this precedent.  (Docket no. 17 at 17.)  Defendant does not mention, however, the Second Circuit's recent decision in *Crawford v. Cuomo*, 796 F.3d 252 (2d Cir. 2015), in which the court recognized that courts had been applying the rule set forth in *Boddie* too narrowly and set out to clarify it:

> We write today to clarify the rule set forth in *Boddie:* A corrections officer's intentional contact with an inmate's genitalia or other intimate area, which serves no penological purpose and is undertaken with the intent to gratify the officer's sexual desire or to humiliate the inmate, violates the Eighth Amendment. Moreover, we recognize that sexual abuse of prisoners, once passively accepted by society, deeply offends today's standards of decency. The proper application of the rule in *Boddie* must reflect these standards.
>
> . . . .
>
> . . . *Boddie* recognized that a single act of sexual abuse may violate the Eighth Amendment if, as in this case, it is entirely gratuitous and devoid of penological purpose.
>
> . . . .
>
> To show that an incident or series of incidents was serious enough to implicate the Constitution, an inmate need not allege that there was penetration, physical injury, or direct contact with uncovered genitalia. A corrections officer's intentional contact with an inmate's genitalia or other intimate area, which serves no penological purpose and is undertaken with the intent to gratify the officer's sexual desire or humiliate the inmate, violates the Eighth Amendment. Similarly, if the situation is reversed and the officer intentionally brings his or her genitalia into contact with the inmate in order to arouse or gratify the officer's sexual desire or humiliate the inmate, a violation is self-evident because there can be no penological justification for such contact. And even if contact between an officer and an inmate's genitalia was initially justified, if the officer finds no contraband, continued sexual contact may be actionable.

> . . . .
>
> . . . Under *Boddie,* no amount of gratuitous or sexually-motivated fondling of an inmate's genitals—even if limited in duration or conducted through the inmate's clothes, as was the case here—is permitted by the Constitution.
>
> . . . .
>
> . . . [W]hile the standard articulated in *Boddie* remains the same, "its applicability must change as the basic mores of society change." *Kennedy v. Louisiana,* 554 U.S. 407, 419, 128 S.Ct. 2641, 171 L.Ed.2d 525 (2008) (quoting *Furman v. Georgia,* 408 U.S. 238, 382, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972) (Burger, C.J., dissenting)). Accordingly, conduct that might not have been seen to rise to the severity of an Eighth Amendment violation 18 years ago may now violate community standards of decency, and for that reason, we believe that the officer's conduct in *Boddie* would flunk its own test today.

*Crawford*, 796 F.3d at 254, 256, 257, 258, 260 (footnote omitted).  The *Crawford* court then found that the defendant's actions in that matter – fondling and squeezing the plaintiff's penis to make sure that he did not have an erection during a frisk conducted in the middle of the plaintiff's visit with his wife – had no legitimate penological justification. *Id*. at 258.  It further found that the defendant's actions and demeaning comments suggested that the defendant undertook the search to arouse himself, humiliate the plaintiff, or both. *Id*. at 258-59.  The court therefore held that the alleged conduct violated the Eighth Amendment and remanded the matter to the district court to determine whether the defendant was entitled to qualified immunity. *Id*. at 258, 261.

　　*Crawford* is not binding on this Court.  However, "[g]iven that the *Jackson* court explicitly noted that the objective element of an Eight[h] Amendment claim is contextual and responsive to contemporary standards of decency, and that the Sixth Circuit previously relied heavily on Second Circuit precedent on this issue, *Crawford* is quite instructive in the instant

case." *Emery v. Burtch*, No. 15-11113, 2016 WL 8701561, at *4 (E.D. Mich. Jan. 15, 2016), *report and recommendation adopted,* 2016 WL 3411812 (E.D. Mich. June 22, 2016).

Here, Plaintiff alleges that while conducting a pat-down search, Defendant Piazza grabbed Plaintiff's chest area, put Plaintiff's nipples between his thumbs and index fingers, and whispered that he had been waiting to catch Plaintiff alone for some time.  (Docket no. 1 at 15.) Plaintiff asserts that Defendant kept rubbing Plaintiff's chest area and said, "You feel so good through this shirt."   (*Id.*)   Plaintiff further asserts that Defendant then pressed his midsection/penis area against Plaintiff's back midsection/buttocks area and said, "I bet they aren't real breast[s], did you pay for 'em?"  (*Id.*)  Viewing these facts in the light most favorable to Plaintiff, the Court finds that there was no penological justification for Defendant Piazza to handle Plaintiff's nipples in such a manner or to press his genital region up against Plaintiff's buttocks, and Defendant does not argue otherwise.  These actions, combined with Defendant Piazza's sexually expressive statements, if true, suggest that Defendant Piazza acted with an intent to arouse himself and gratify his sexual desire, and they fall squarely within the "objectively, sufficiently serious" conduct proscribed by *Crawford*.  Moreover, the statements suffice to show that Defendant acted with a sufficiently culpable state of mind.  Plaintiff's allegations are therefore sufficient to state an Eighth Amendment claim.  Nevertheless, as discussed above, genuine issues of material fact remain as to what actually transpired during Defendant Piazza's pat-down search of Plaintiff.  Summary judgment is therefore precluded on this basis.

### 2.    *Qualified Immunity*

Defendant Piazza also asserts that he is entitled to qualified immunity because his alleged actions did not violate clearly established law.  (Docket no. 17 at 22.)  Under qualified immunity,

"government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  That is, "'[t]he defense of qualified immunity protects officials from individual liability for monetary damages but not from declaratory or injunctive relief.'" *Top Flight Entm't, Ltd. v. Schuette*, 729 F.3d 623, 635 n.2 (6th Cir. 2013) (quoting *Flagner v. Wilkinson*, 241 F.3d 475, 483 (6th Cir. 2001)).

The Sixth Circuit has set forth a tri-part test to determine whether a defendant is entitled to qualified immunity: whether (1) "the facts viewed in the light most favorable to the plaintiff[] show that a constitutional violation has occurred;" (2) "the violation involved a clearly established constitutional right of which a reasonable person would have known;" and (3) "the plaintiff has offered sufficient evidence to indicate that what the official allegedly did was objectively unreasonable in light of the clearly established constitutional rights." *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 302 (6th Cir. 2005) (citing *Feathers v. Aey*, 319 F.3d 843, 848 (6th Cir.2003)); *see also Williams v. Mehra*, 186 F.3d 685, 691 (6th Cir.1999) (en banc) (noting that "objective legal reasonableness" is a distinct, third prong of the qualified immunity analysis).  The court may, however, take up these considerations in any order.  *See Pearson v. Callahan*, 555 U.S. 223 (2009).

Having determined that Defendant Piazza is not entitled to summary judgment on Plaintiff's Eighth Amendment claim, the undersigned will now consider whether the law related to this matter is clearly established.

> . . . The doctrine of qualified immunity "gives government officials breathing room to make reasonable but mistaken judgments," and "protects 'all but the plainly incompetent or those who knowingly violate the law.' " *Stanton v. Sims,* –– U.S. ––––, 134 S.Ct. 3, 5, 187 L.Ed.2d 341 (2013) (quoting *Ashcroft v. al-*

*Kidd,* 563 U.S. 731, 131 S.Ct. 2074, 2085, 179 L.Ed.2d 1149 (2011); *Malley v. Briggs,* 475 U.S. 335, 341, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986)); *Mullenix v. Luna,* 577 U.S. ——, 136 S.Ct. 305, 308, 193 L.Ed.2d 255 (2015). An officer violates clearly established law and loses that immunity when, at the time of the challenged conduct, "'[t]he contours of [a] right are sufficiently clear' that every 'reasonable official would have understood that what he is doing violates that right.'" *al-Kidd,* 131 S.Ct. at 2083 (alteration in original) (quoting *Anderson v. Creighton,* 483 U.S. 635, 640, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987)). The Supreme Court "'do[es] not require a case directly on point' before concluding that the law is clearly established, 'but existing precedent must have placed the statutory or constitutional question beyond debate.' " *Stanton,* 134 S.Ct. at 5 (quoting *al-Kidd,* 131 S.Ct. at 2083); *Mullenix,* 136 S.Ct. at 308; *Rudlaff,* 791 F.3d at 643 ("[E]xisting case law ... must put the precise question 'beyond debate.' " (quoting *al-Kidd,* 131 S.Ct. at 2083)). The law is clearly established when the plaintiff can point either to "cases of controlling authority in his jurisdiction at the time of the incident," or "a consensus of cases of persuasive authority such that a reasonable officer could not have believed that his actions were lawful." *Wilson v. Layne,* 526 U.S. 603, 617, 119 S.Ct. 1692, 143 L.Ed.2d 818 (1999); *see also, e.g., al-Kidd,* 131 S.Ct. at 2083–84 (applying the standard from *Wilson* ); *Sheehan,* 135 S.Ct. at 1776–78 (same).

*Kent v. Oakland Cty.*, 810 F.3d 384, 395 (6th Cir. 2016).

In this matter, there is a Sixth Circuit case substantially on point, albeit unpublished, which was decided close in time to the challenged conduct: *Solomon v. Michigan Dep't of Corr.*, 478 F. App'x 318 (6th Cir. 2012). In *Solomon*, a prisoner-plaintiff's allegations that a correctional officer sexually assaulted him involved "two brief incidents of physical contact during pat-down searches, coupled with sexually offensive remarks." *Id*. at 320. In the first instance, the correctional officer allegedly groped the plaintiff's penis, both inside and outside of his pants, while making sexually suggestive comments. *Id*. In the second instance, the correctional officer allegedly pressed his erect penis into the plaintiff's buttocks during the search and made sexually suggestive remarks about his buttocks. *Id*. at 320-21. The Sixth Circuit held that those "isolated incidents of 'sexual' touching, even coupled with sexual remarks, d[id] not rise to the level of a constitutional violation." *Id*. at 321 (citing *Boddie*, 105 F.3d at 859-61).

Such was the state of the law in this Circuit at the time that the events at issue in this matter took place. Plaintiff does not cite – nor does this Court find – any clearly established law to the contrary. The Court has found, however, Magistrate Judge R. Steven Whalen's timely and aptly-stated analysis of this very issue:

> There is no Supreme Court case holding that an officer's inappropriate touching of an inmate's genitals during an otherwise lawful pat-down search, which does not result in physical injury, is an Eighth Amendment violation. While there is no published Sixth Circuit case on point, the unpublished decisions cited above— *Solomon, Tuttle* and *Jackson*—clearly hold that such conduct does not support a constitutional claim. Those cases in turn rely in part on published and unpublished decisions from other courts, including the Second Circuit decision in *Boddie v. Schnieder, supra.* And, the Eastern District of Kentucky's decision in *Tuttle,* which was affirmed by the Sixth Circuit, cites published and unpublished opinions from the Third Circuit, the Western District of New York and the Western District of Wisconsin.

*Barhite v. Sumner*, No. 12-13722, 2013 WL 6569144, at *5 (E.D. Mich. Aug. 21, 2013) (footnote omitted), *report and recommendation adopted,* No. 12-cv-13722, 2013 WL 6569593 (E.D. Mich. Dec. 13, 2013). Simply put, while Defendant's alleged conduct, if true, was despicable and ethically questionable, there was no clearly-established law supporting Plaintiff's allegations at the time of the conduct so that a reasonable official would have understood that his actions violated Plaintiff's rights. Conversely, the clearly-established law at the relevant time held that Defendant's alleged conduct did not rise to the level of an Eighth Amendment violation. Therefore, it was objectively reasonable for Defendant Piazza to believe that his actions did not violate the Eighth Amendment, and Defendant Piazza is entitled to qualified immunity.[2]

---

[2] Because Defendant Piazza is entitled to qualified immunity, the Court need not reach Defendant's alternative argument that Plaintiff's claims are barred by the Prison Litigation Reform Act because he did not suffer a physical injury.

**D.      Conclusion**

For the reasons stated herein, it  is  recommended  that  the  court  **GRANT**  Defendant Piazza's Motion for Summary Judgment (docket no. 17) and **DENY** Plaintiff's motions for the appointment of counsel (docket nos. 18, 19) as moot.

## III.      NOTICE TO PARTIES REGARDING OBJECTIONS

The  parties  to  this  action  may  object  to  and  seek  review  of  this  Report  and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Eastern District of Michigan Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *U.S. v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc.  Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains.  Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity.   The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated:  July 7, 2017   s/ Mona K. Majzoub
        MONA K. MAJZOUB
        UNITED STATES MAGISTRATE JUDGE


**PROOF OF SERVICE**

  I hereby certify that a copy of this Report and Recommendation was served upon Plaintiff and counsel of record on this date.

Dated:  July 7, 2017   s/ Lisa C. Bartlett
        Case Manager