UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

FLOYD E. KOHN

                Plaintiff,                Case No. 16-cv-11418

v.                                          Honorable Thomas L. Ludington

RICHARD PIAZZA,

                Defendant.
_____/

## ORDER OVERRULING OBJECTIONS, ADOPTING REPORT AND RECOMMENDATION, GRANTING MOTION FOR SUMMARY JUDGMENT, DENYING MOTION FOR APPOINTMENT OF COUNSEL, AND DISMISSING COMPLAINT

Plaintiff Floyd E. Kohn, currently incarcerated at the Ionia Correctional Facility in Ionia, Michigan, filed this pro se civil rights action pursuant to 42 U.S.C. § 1983 against numerous defendants on June 20, 2014, in the United States District Court for the Western District of Michigan. Compl., ECF No. 1. On April 20, 2016, having dismissed all other claims and defendants except for Plaintiff's claims against Defendant Richard Piazza, a corrections officer at the Michigan Department of Correction's (MDOC's) Saginaw Correctional Facility, the United States District Court for the Western District of Michigan transferred Plaintiff's case to this Court for proper venue. ECF No. 3. In the Complaint, Plaintiff alleges that while he was incarcerated at the Saginaw Correctional Facility, Defendant Piazza violated Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment while conducting a pat-down search of Plaintiff. Compl. at 3–4, 6, 14–15.

Defendant Piazza filed a Motion for Summary Judgment on October 26, 2016. ECF No. 17. Plaintiff filed a response on November 8, 2016. ECF No. 20. Also before the Court are

Plaintiff's Motion for Application of Counsel and Request for Court Appointed Lawyer. ECF Nos. 18–19.

Magistrate Judge Mona K. Majzoub issued a Report and Recommendation on July 7, 2017, recommending that this Court grant Defendant's Motion for Summary Judgment, and deny Plaintiff's Motion for Application of Counsel and Request for Court Appointed Lawyer. ECF No. 22. Plaintiff filed Objections on August 8, 2017. ECF No. 23. For the reasons that follow, the Court will adopt the Report and Recommendation, grant Defendant's Motion for Summary Judgment, deny Plaintiff's Motion for Application of Counsel and Request for Court Appointed Lawyer as moot, and dismiss the Complaint.

**I.**

Plaintiff does not object to Judge Majzoub's summary of the factual allegations contained in the complaint, located at section II. A. of the Report and Recommendation. ECF No. 22. Accordingly, that factual summary is incorporated herein by reference.

**II.**

Pursuant to Federal Rule of Civil Procedure 72, a party may object to and seek review of a magistrate judge's report and recommendation. *See* Fed. R. Civ. P. 72(b)(2). Objections must be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted). If objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). De novo review requires at least a review of the evidence before the magistrate judge; the court may not act solely on the basis of a magistrate judge's report and recommendation. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the court is free to accept,

reject, or modify the findings or recommendations of the magistrate judge. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002).

Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id.* (internal quotation marks and citation omitted). A general objection, or one that merely restates the arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge. *See VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004). An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Without specific objections, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrate's Act." *Id.*

### III.

### A.

Plaintiff primarily objects to Judge Majzoub's Report and Recommendation on the ground that Defendant's conduct violated Plaintiff's clearly established constitutional rights under the Eight Amendment. ECF No. 23 at 1. Plaintiff asserts no specific error in Judge Majzoub's legal analysis, nor does the Court find any upon de novo review.

An officer violates clearly established law and loses qualified immunity when, at the time of the challenged conduct, "the contours of [a] right are sufficiently clear that every reasonable official would have understood that what he is doing violates that right. The Supreme Court

reject, or modify the findings or recommendations of the magistrate judge. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002).

Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id.* (internal quotation marks and citation omitted). A general objection, or one that merely restates the arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge. *See VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004). An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Without specific objections, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrate's Act." *Id.*

### III.

### A.

Plaintiff primarily objects to Judge Majzoub's Report and Recommendation on the ground that Defendant's conduct violated Plaintiff's clearly established constitutional rights under the Eight Amendment. ECF No. 23 at 1. Plaintiff asserts no specific error in Judge Majzoub's legal analysis, nor does the Court find any upon de novo review.

An officer violates clearly established law and loses qualified immunity when, at the time of the challenged conduct, "the contours of [a] right are sufficiently clear that every reasonable official would have understood that what he is doing violates that right. The Supreme Court

do[es] not require a case directly on point . . . but existing precedent must have placed the statutory or constitutional question beyond debate." *Kent v. Oakland Cty.*, 810 F.3d 384, 395 (6th Cir. 2016) (internal citations and quotations omitted).

The contours of Plaintiff's Eighth Amendment rights in this context are not sufficiently clear, nor has existing precedent put the question beyond debate. As explained in *Barhite*, there are no factually similar Supreme Court or Sixth Circuit cases holding that "an officer's inappropriate touching of an inmate's genitals during an otherwise lawful pat-down search, which does not result in physical injury, is an Eighth Amendment violation." *Barhite v. Sumner*, 2013 WL 6569144, at *5 (E.D. Mich. Aug. 21, 2013), report and recommendation adopted, 2013 WL 6569593 (E.D. Mich. Dec. 13, 2013).

However, there is precedent reaching the opposite conclusion. In *Solomon*, the Sixth Circuit rejected an Eighth Amendment claim on similar facts. *Solomon v. Michigan Dep't of Corr.*, 478 F. App'x 318 (6th Cir. 2012) (citing *Boddie v. Schneider*, 105 F.3d 857 (2d Cir. 1997)); *see also Jackson v. Madery*, 158 F. App'x 656 (6th Cir. 2005) (finding no Eighth Amendment violation occurred in isolated incident of inappropriate sexual contact by a security officer). Thus, Defendant violated no clearly established constitutional right so as to pierce his qualified immunity. Accordingly, Plaintiff's objection is overruled.

**B.**

Plaintiff's Objections also allege that Defendant violated the Prisoner Rape Elimination Act. 34 U.S.C.A § 30301. However, the PREA does not grant a private cause of action to a prisoner against a corrections officer. *McCloud v. Prack*, 55 F. Supp. 3d 478, 482 (W.D.N.Y. 2014). Accordingly, Plaintiff's objection is overruled.

**C.**

Plaintiff's Objections can also be construed as raising two novel causes of action: the Equal Protection clause and the Federal Tort Claims Act. U.S. Const. amend. XIV; 28 U.S.C.A. §§ 1346, 2671–2680. Plaintiff has pleaded no facts to support a claim that Plaintiff has been denied equal protection of the laws. The Federal Tort Claims Act applies to civil claims against the United States, not state actors. 28 U.S.C.A. § 1346. Accordingly, Plaintiff's objections are overruled.

**IV.**

Accordingly, it is **ORDERED** that Plaintiff's Objections, ECF No. 23, are **OVERRULED**.

It is further **ORDERED** that Magistrate Judge Majzoub's Report and Recommendation, ECF No. 22, is **ADOPTED**.

It is further **ORDERED** that Defendant's Motion for Summary Judgment, ECF No. 17, is **GRANTED**.

It is further **ORDERED** that Plaintiff's Motion for Application of Counsel and Request for Court Appointed Lawyer, ECF Nos. 18–19 are **DENIED** as moot.

It is further **ORDERED** that Plaintiff's Complaint, ECF No. 1, is **DISMISSED** with prejudice.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: September 15, 2017

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 15, 2017.

                                            s/Kelly Winslow
                                            KELLY WINSLOW, Case Manager